United States District Court
Southern District of Texas

**ENTERED**

May 22, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LYNNETTE JACOBS, | § | |
| BOP #82622-509 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-4983 |
| | § | |
| DONALD ROSS, *et al*., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ON DISMISSAL**

Plaintiff Lynnette Jacobs, representing herself, filed a prisoner's civil-rights complaint under 42 U.S.C. § 1983 regarding the conditions of her confinement at the Federal Prison Camp in Bryan. On December 19, 2024, the Clerk's Office entered a Notice of Deficient Pleading instructing Jacobs (1) to pay the filing fee or file an application for leave to proceed without prepayment of fees accompanied by a certified statement of her inmate trust account; and (2) to submit her claims on a court approved form. (*See* Docket Entry No. 5). Jacobs was given 30 days to comply with the Notice. (*See id.*). The court granted Jacobs's motion for an extension of time to comply, making the new deadline March 24, 2025. (Docket Entry No. 7). Jacobs has submitted her claims on a form (Docket Entry No. 9) and filed an application for leave to proceed without prepayment of fees (Docket Entry No. 8) as instructed, but she has not submitted a certified statement of her inmate trust account. The deadline for her to do so has expired.

A district court may dismiss a lawsuit for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b). "This authority is based on the courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Lewis v. Sheriff's Dept. Bossier Parish*, 478 F. App'x 809, 815 (5th Cir. 2012) (per curiam)

(internal quotation marks and citation omitted); *see also Gates v. Strain*, 885 F.3d 874 (5th Cir. 2018) (explaining that a district court may dismiss an action for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action for failure to comply with court orders).

Jacobs's failure to submit a certified statement of her inmate trust account as previously instructed forces the court to conclude that she lacks diligence in prosecuting this action. Therefore, under the court's general power to manage its docket, this case is dismissed without prejudice for want of prosecution.  Jacobs is advised that she may obtain relief from this order if she makes a proper showing under Rule 60(b) of the Federal Rules of Civil Procedure.  At a minimum, a proper showing under Rule 60(b) includes submission of a certified statement of her inmate trust account.

This case is dismissed without prejudice.  Any pending motions are denied as moot.

SIGNED on May 22, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge